IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SHONDA TOWNSEND,** individually and behalf of other similarly situated individuals,<br><br>Plaintiff**,**<br><br>vs.<br><br>**CAPSTONE RESTAURANT GROUP, LLC,**<br><br>Defendant**.** | CIVIL ACTION FILE NO.:<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Shonda Townsend files this collective action complaint against Defendant Capstone Restaurant Group, LLC ("Capstone") seeking all relief available under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") on behalf of herself and all current and former non-exempt employees of Defendant Capstone whom are similarly situated to her, as described below. This includes other "assistant managers" and other non-exempt workers who were instructed to work similarly to Ms. Townsend, as described below ("Off-the-Clock Collective"). This action is brought to recover unpaid overtime pursuant to the FLSA. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

1

## **INTRODUCTION**

Defendant Capstone owns and operates multiple Hardee's restaurants spread throughout Georgia. Despite increased demand for drive through fast food during the pandemic, and resulting increased revenue for Defendant, the Defendant has chronically understaffed it restaurants while continuing to require that they remain open twenty-four hours a day. As a result of this labor shortage, Defendant has continually required that its employees, including Plaintiff Townsend, travel from one work location to another to cover staffing shortages. This results in many staff, including Plaintiff Townsend, working very long 60 hour+ workweeks. These long workweeks include time spent driving between work locations and also time spent working at the second (or third) location. This time spent was not included in these employees' (including Plaintiff Townsend) weekly working hours for overtime purposes. Defendant Capstone also utilized its hourly employees like Plaintiff Townsend as couriers, sending them to fetch and deliver various supplies. Again, these working hours were not included in their weekly working hours for overtime purposes. Further, the hours that non-exempt employees, including Plaintiff Townsend, spent at mandatory meetings were not included in their weekly working hours.

Defendant Capstone further prohibited Plaintiff Townsend and those similarly situated to her from stopping working at the end of her shift and required that she

continue to work through the next shift when other relief employees do not arrive on time. The confluence of these policies (understaffing, open 24hrs, prohibited from leaving at end of shift) have caused Plaintiff and those similarly situated to her to work an extreme number of hours consecutively; for example, Plaintiff Townsend has worked for thirty-six (36) hours straight on multiple occasions. This extreme number of hours for Ms. Townsend and others situated similarly to her never fluctuates below fifty (50) hours in a week. This extreme number of hours creates an absurd situation where Plaintiff's overtime pay rate is less than if she had not worked overtime.

## THE PARTIES

1. Plaintiff Townsend resides in Union City, Georgia.

2. Throughout her employment with Defendant Capstone, Plaintiff Townsend was scheduled to work at least fifty (50) hours each week, though she routinely worked many more.

3. Defendant Capstone Restaurant Group, LLC is a Colorado corporation with its principal place of business located at 7490 Clubhouse Road, Boulder, Colorado 80301.

4. Defendant Capstone employs non-exempt workers in approximately 300 franchised "Hardee's" and "Carl's Jr" branded restaurants across the United States, including in Colorado, Florida, Georgia, Illinois, Iowa, Kansas, Missouri,

Montana, Pennsylvania, South Carolina, Tennessee, Virginia, West Virginia, and Wyoming.

5. At all relevant times, Defendant Capstone employed or acted in the interest of an employer towards Plaintiff and other similarly situated employees and, among other things, maintained control, oversight and direction over Plaintiff and other similarly situated employees, including with respect to timekeeping, payroll and other employment practices that applied to them. For example, the titles of the personnel policies and safety policies identify Defendant Capstone.

6. Defendant Capstone applies the same employment policies, practices, and procedures in its restaurants nationwide.

7. Defendant Capstone is a covered employer within the meaning of the FLSA because, among other things, it employs individuals, including Plaintiff, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

8. At all relevant time, Capstone has had gross revenues exceeding $500,000.00.

**JURISDICTION AND VENUE**

9. This Court has original subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. This Court has personal jurisdiction over Defendant because it does business in Georgia and in this District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claims in this Collective Action Complaint occurred within this District and because Defendant resides in this District.

## FACTUAL ALLEGATIONS

12. In March 2020, Defendant Capstone hired Plaintiff Townsend to be a shift lead working an hourly position at the Hardee's located in Fairburn, Georgia.

13. Plaintiff Townsend was interviewed by general manager Reuben Jones. She did a second interview with district manager Bobby Hopkins. Bobby Hopkins also performed a background check and communicated the hiring to Plaintiff Townsend.

14. In the summer of 2020, Plaintiff was transferred from the Fairburn location to the Lithia Springs location. Plaintiff retained her hourly shift lead position.

15. In September 2020, Plaintiff was promoted to assistant manager for Defendant Capstone. As assistant manager Plaintiff remained non-exempt and was paid a base salary to compensate her for her regular schedule of fifty hours (five-ten hour shifts).

16. Plaintiff remains employed with Defendant Capstone as an assistant manager.

17. During Plaintiff's employment with Defendant Capstone she worked a minimum of fifty hours per week. She had a regular schedule of five – ten hour shifts. However, she has been instructed to consistently work in excess of (but never less) than fifty hours.

18. Throughout her employment, Defendant Capstone required that Plaintiff work in excess of her regular schedule. The schedule for week of September 15, 2020 when Plaintiff Townsend was a shift lead demonstrates the extreme number of hours she was required to work:

| | FOUR WEEKS MANAGEMENT SCHEDULE | | | | | |
|---|---|---|---|---|---|---|
| WEEK ENDING DATE | | | | | | |
| MANAGER | TUES | WED | THURS | FRI | SAT | SUN |
| | 15-Sep | 16-Sep | 17-Sep | 18-Sep | 19-Sep | 20-Sep |
| SHONDA | 6PM-6AM | 6PM-6AM | 6PM-6AM | 6PM-6AM | 10PM-7A | 10PM-7A |

**A. Defendant Failed to Properly Calculate the Number of Hours Worked by Plaintiffs**

19. Plaintiff and the members of the putative Off-the-Clock Collective are similarly situated in that they were non-exempt workers that were required to work off-the-clock during instances including but not limited to:

a. not paying for time working at other stores;

    b. not paying for time driving between stores;

    c. not aggregating time worked at additional stores;

    d. not paying for time getting supplies or equipment;

    e. not paid for mandatory managers meetings; and/or

    f. not paid time worked on off days.

20. Starting in or around May 2020, Bobby Hopkins and/or Reuben Jones required that Plaintiff Townsend travel to other work locations after arriving at a first work location. On average, she was required to do this more than ten times a month.

21. Sometimes, Plaintiff was required to drive from one location to another because of staffing shortages.

22. Other times, Defendant required that Plaintiff Townsend drive various products or supplies from one location to another. These products and supplies included meat, cups, food boxes, equipment, and ice.

23. The hours Plaintiff Townsend spent driving from one work location to another work location were not included in her weekly hours worked for overtime purposes. Nor was she reimbursed for her mileage.

24. While at the other locations, Plaintiff Townsend was unable to clock-in. Plaintiff Townsend's code only allowed her to clock-in at her "home" location. The hours that Plaintiff Townsend spent working at these other locations were not included in her weekly hours for overtime purposes.

25. As one illustrative example, Bobby Hopkins sent Plaintiff Townsend to Office Depot and Walmart in Austell to find some paper and ink for the computer. The stores did not have the correct ink or paper, so Mr. Hopkins required Plaintiff to then drive out to Newnan. After obtaining the paper and ink in Newnan, Plaintiff then had to drive the supplies from Newnan to Lithia Springs. The hours Plaintiff Townsend spent doing this work were not included in her weekly hours worked for overtime purposes. Nor was Plaintiff reimbursed for her mileage.

26. Plaintiff complained to Bobby Hopkins about this computer paper and ink instance and said that she needed reimbursement for her time and gas. Mr. Hopkins refused and said that we're already paying you enough.

27. During her employment with Defendant Capstone, Plaintiff Townsend was required to travel to and between multiple Hardee's locations, including:

   a. 940 Thornton Rd, Lithia Springs, GA 30122;

   b. 7940 Senoia Rd, Fairburn, GA 30213;

   c. 231 Temple Ave, Newnan, GA 30263;

   d. 4201 Sharpsburg McCollum Rd, Newnan, GA 30265;

   e. 975 N, Glynn St N, Fayetteville, GA 30214; and

   f. 701 GA-53 SE, Calhoun, GA 30701.

28. Plaintiff additionally was required to work off-the-clock and without pay when Defendant called Plaintiff on one of her off days to bring equipment, supplies or food from one location to another.

29. As one example, one Sunday, while Plaintiff was at church, Reuben Jones called her and instructed her to drive to Newnan to pick-up fries and meat and drive it to the Fairburn store. Plaintiff complained to Mr. Jones that this was an off day and that she needed to be compensated for her time and her mileage. Mr. Jones refused and said this was part of her duties as a manager. The hours Plaintiff spent working were not included in her weekly hours worked for overtime purposes.

30. Plaintiff Townsend was required to attend mandatory managers meetings. The hours that she worked at these mandatory meetings were not included in her weekly hours worked for overtime purposes.

31. Plaintiff Townsend repeatedly asked Defendant for her payroll records but was given various excuses for why should could not receive them.

32. Plaintiff requested her payroll records from Capstone human resources. HR took a long time to respond and even after the delay provided incomplete records.

33. Defendant did not accurately record the number of hours worked by Plaintiffs, did not properly calculate Plaintiffs regular rate, and did not properly pay Plaintiffs for all hours worked, including full overtime.

34. The performance of non-management work was the primary duty of Plaintiff Townsend and the members of the putative Off-the-Clock Collective. These primary duties included serving customers, ringing customers up on the cash register, preparing food, working the drive-thru, stocking, counting inventory, and cleaning the restaurant.

35. Defendant knew, by virtue of the fact that its upper-level management employees (as its authorized agents) actually saw Plaintiff and the members of the Off-the-Clock Collective primarily perform manual labor and non-exempt duties. Inasmuch as Defendant is a substantial corporate entity aware of its obligations under the FLSA, they acted willfully or recklessly and failed to pay Plaintiff and the putative Off-the-Clock Collective for all hours worked and an overtime premium for all hours in excess of forty.

**B. All Overtime Paid to Plaintiffs was Improperly Calculated Using the Fluctuating Workweek Method**

36. For years, Defendant Capstone violated the FLSA by failing to pay its Assistant Managers overtime compensation for the hours they worked over forty (40) in one or more workweeks because Defendant Capstone classified them as exempt from overtime.

37. In an end-run-around the FLSA, Defendant Capstone began purporting to pay its Assistant Managers overtime under the Fluctuating Workweek Method, even though the prerequisite identified in 29 CFR § 778.114 was not satisfied.

38. In September 2020, Defendant Capstone promoted Plaintiff Townsend to assistant manager and classified her as a non-exempt worker paid under the fluctuating workweek method.

39. If Defendant paid Plaintiff's overtime, said overtime was improperly calculated using the fluctuating workweek method because the regulatory prerequisites are not satisfied.

40. Plaintiff understood that she was contracted to regularly work five – ten hour shifts totaling fifty hours a week.

41. Upon being promoted to assistant manager, Plaintiff understood that she was to receive a salary of $681 to compensate her only for her fifty-hours of regularly scheduled work. Plaintiff understood that she would be paid for and would receive overtime for hours worked in excess of her regularly schedule of fifty hours.

42. Plaintiff Townsend asked Bobby Hopkins if he understood fluctuating workweek. He told her that he did not.

43. Plaintiff initially quit. Defendant asked her to comeback and told her that she would get a raise. Plaintiff told him that she expected overtime pay for any hours worked.

44. Plaintiff was paid via direct deposit and did not receive copies of her paystubs.

45. Plaintiff asked Defendant for a copy of her pay records but he made various excuses and did not provide them.

46. Plaintiff asked human resources for her pay records but experienced delayed responses and did not receive full records.

47. Plaintiff complained to Defendant about not being paid for all of the hours that she worked, but nothing was done in response to this complaint.

48. Plaintiff was economically dependent on her employment with Defendant and could not afford to leave.

## COUNT I: FLSA COLLECTIVE ACTION ALLEGATIONS

### A. Failure to Pay Overtime

49. Plaintiff brings the FLSA cause of action, 29 U.S.C. § 216(b), on behalf of herself and the Off-the-Clock Collective.

50. At all relevant times, Plaintiff and the members of the putative Off-the-Clock Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

51. Defendant Capstone employed Plaintiff and the members of the putative Off-the-Clock Collective and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

52. At all relevant times, Plaintiff and the members of the putative Off-the-Clock Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

53. Defendant Capstone has failed to pay Plaintiff and the members of the putative Off-the-Clock Collective for all hours worked and for overtime compensation to which they are entitled under the FLSA.

54. Defendant Capstone knew or should have known that Plaintiff and the members of the putative Off-the-Clock Collective were working hours in excess of forty a week for which they were not compensated.

55. Defendant Capstone has failed to keep accurate records of time worked by Plaintiff and the members of the putative Off-the-Clock Collective.

56. Defendant is liable under the FLSA for, among other things, failing to properly compensate Plaintiff and the members of the putative Off-the-Clock Collective.

57. Consistent with Defendant's policy and pattern or practice, Plaintiff and the members of the putative Off-the-Clock Collective were not paid overtime compensation for all hours worked beyond forty (40) hours in a workweek.

58. All of the work that Plaintiff and the members of the putative Off-the-Clock Collective performed has been assigned by Defendant Capstone, and/or Defendant was aware of such work.

59. As part of its regular business practice, Defendant Capstone intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the putative Off-the-Clock Collective. This policy and pattern or practice includes, but is not limited to:

a. willfully failing to pay Plaintiff and the members of the putative Off-the-Clock Collective for all hours worked each week due to work assignments such as traveling between stores, working at other store locations, delivering equipment or supplies to other stores, attending mandatory meetings;

b. willfully failing to record all of the time that its employees, including Plaintiff and the members of the putative Off-the-Clock Collective, worked for the benefit of Defendant; and

c. willfully failing to pay Plaintiff and the members of the putative Off-the-Clock Collective premium overtime wages for hours that they worked in excess of forty (40) hours per workweek.

60. Defendant is aware or should have been aware that federal law required them to pay Plaintiff and the members of the putative Off-the-Clock Collective for all working hours and overtime compensation for all hour worked in excess of forty (40) in a workweek.

61. Plaintiff and the members of the putative Off-the-Clock Collective perform or performed the same primary duties; were all supervised by Bobby Hopkins and/or Reuben Jones; and all worked hours off-the-clock without pay.

62. Defendant's unlawful conduct has been widespread, repeated, and consistent.

63. Upon information and belief, Capstone did not perform a person-by-person analysis of job duties or scheduling when deciding to pay assistant managers under the FWW method.

### B. The Overtime Owed Should be Calculated Under the Standard Method, Not the Fluctuating Workweek Method

64. The Eleventh Circuit has described the fluctuating workweek as a:

> method of payment [which] allows an employee whose hours fluctuate from week to week to be compensated at a fixed amount per week as straight-time pay irrespective of the number—few or many—of hours worked. Payment for overtime hours under this method is at one-half time regular-rate instead of the standard one and one-half time rate because the straight-time rate already includes compensation for all hours worked. The regular-rate of hourly compensation will vary from week to week depending on the number of actual hours worked in any given workweek; it is calculated by dividing the number of hours worked into the amount of the straight-time salary. The mathematics of this payment structure means "the more the employee works and the more overtime the employee logs, the less he or she is paid for each additional hour of overtime." *Monahan v. County of Chesterfield, Va.,* 95 F.3d 1263, 1280 (4th Cir.1996).

*Davis v. Friendly Exp., Inc.*, No. 02-14111, 2003 WL 21488682, at *1 (11th Cir. Feb. 6, 2003).

65. Under the regulations implementing the FLSA, an employer is permitted to use the fluctuating workweek method of calculating overtime **only if**:

> (1) the employee clearly understands that the straight-salary covers whatever hours he or she is required to work; (2) the straight-salary is paid irrespective of whether the workweek is one in which a full schedule of hours are worked; (3) the straight-salary is sufficient to provide a pay-rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours worked is greatest; and (4) in addition to straight-salary, the employee is paid for all hours in excess of the statutory maximum at a rate not less than one-half the regular rate of pay.

*Davis v. Friendly Exp., Inc.*, No. 02-14111, 2003 WL 21488682, at *1 (11th Cir. Feb. 6, 2003).

66. Where "all the facts indicate that an employee is being paid for overtime hours at a rate no greater than that which the employee receives for nonovertime hours, compliance with the Act cannot be rested on any application of the fluctuating workweek overtime formula." 29 C.F.R. § 778.114(c).

67. Furthermore, "contemporaneous payment of overtime compensation is a necessary prerequisite for application of the fluctuating workweek method, as a matter of law defendant has failed to prove that "all the legal prerequisites for use of the 'fluctuating workweek' method of overtime payment are present." 29 C.F.R. § 778.114(c)." *Scott v. OTS Inc.*, No. CIV.A.1:02CV1950-AJB, 2006 WL 870369, at *12 (N.D. Ga. Mar. 31, 2006).

68. Defendant Capstone is not entitled to take advantage of the fluctuating workweek method of calculating overtime because it cannot satisfy the regulatory requirements.

69. Defendant Capstone cannot satisfy the following regulatory requirements for Plaintiff and the putative Off-the-Clock Collective:

a. The Plaintiff and the putative Off-the-Clock Collective understood that their base salary covered only fifty (50) hours worked, not all hours worked;

b. The Plaintiff and the putative Off-the-Clock Collective worked a regular schedule of fifty (50) hours that never fluctuated below forty (40) hours;

c. The Plaintiff and the putative Off-the-Clock Collective were not contemporaneously paid overtime compensation for all hours worked in excess of forty per week due to Defendant's repeated off-the-clock violations; and

d. The Plaintiff and the putative Off-the-Clock Collective were being paid for overtime hours at a rate no greater than that which the employee receives for non-overtime hours. Under her $681 salary, Plaintiff Townsend would have been paid at a rate of $17.03 during weeks in which she received no overtime ($681/40). Any week in which she worked more than sixty (60) hours (which was very common), she would be paid overtime at a rate no greater ($681/60x1.5=$17.03).

70. Since the fluctuating work week method cannot apply, the "statutory" method of multiplying the employee's regular hourly rate by one and one-half and

then by the number of hours worked over forty (40) in each work week is the applicable overtime pay computation method.

**PRAYER FOR RELIEF WHEREFORE**, Plaintiff, individually and on behalf of the members of the putative Off-the-Clock Collective, prays for the following relief:

1. Designation of this action as an FLSA collective action on behalf of Plaintiff and the members of the putative Off-the-Clock Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Off-the-Clock Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

2. An award of unpaid overtime compensation for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA using the following common methodology for calculating damages: (Weekly Salary ÷ 50) x Total Number of Overtime Hours Worked x 1.5;

3. An award of liquidated damages under the FLSA as a result of Defendant's willful failure to pay for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay;

4. An award of damages representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

5. An award of pre-judgment and post-judgment interest, where applicable;

6. An award of costs and expenses of this action, together with reasonable attorneys' and expert fees to Plaintiff's counsel pursuant to the FLSA;

7. An injunction requiring Defendant to cease its practice of violating the FLSA in the future;

8. Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful and/or willful under the FLSA; and

9. Such other and further relief as this Court deems just and proper.

**Jury Trial Demanded**

Respectfully submitted, this 2nd day of February, 2021.

/s/ Douglas Kertscher
Douglas R. Kertscher
Georgia Bar No. 416265
Julie H. Burke
Georgia Bar No. 448095

Hill, Kertscher & Wharton, LLP
3350 Riverwood Pkwy.
Suite 800
Atlanta, GA 30339
404-953-0995 (ph.)
404-953-1358 (fax)
drk@hkw-law.com
jb@hkw-law.com