# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHONDA TOWNSEND, individually And behalf of other similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> CAPSTONE RESTAURANT GROUP, LLC, <br><br> Defendant. | Civil Action No. 1:21-cv-00494-JPB |

### JOINT MOTION FOR COURT REVIEW AND APPROVAL OF SETTLEMENT AGREEMENT AND TO DISMISS WITH PREJUDICE

COME NOW, Plaintiffs Shonda Townsend ("Townsend") and Temitayo Johnson ("Johnson") (collectively "Plaintiffs") and Defendant Capstone Restaurant Group, LLC ("Defendant" or "Capstone") (Townsend, Johnson, and Capstone are referred to collectively as the "Parties"), by and through their undersigned counsel, hereby stipulate that the above-captioned matter has been settled and move for approval of the Parties' Settlement Agreement and dismissal of Plaintiffs' claims with prejudice, stating as follows:

1.

Townsend was originally hired on February 4, 2020 as a Shift Leader. She was later promoted to Assistant Manager on September 29, 2020, and she was paid on a salaried, non-exempt basis pursuant to the Fluctuating Workweek Method. Townsend contends that Defendant violated the FLSA by misclassifying her under the Fluctuating Workweek Method and requiring her to work off-the-clock for various activities.

2.

Johnson was hired as a non-exempt Shift Leader on or about October 15, 2015. Johnson contends that Defendant violated the FLSA by requiring her to work off-the-clock for various activities.

3.

Plaintiffs further claim Defendant did not accurately record their number of hours worked, it did not properly calculate their regular rates, and it did not pay them for all hours worked - including full overtime pay.

4.

Townsend alleges she was never paid any overtime for hours worked in excess of forty (40) hours per week, whereas Johnson alleges she was required to work off the clock.

5.

Plaintiffs assert claims for unpaid overtime wages, wages for working off-the-clock, liquidated damages in an equal amount, attorneys' fees, and the costs of litigation. Capstone has filed a Motion to Dismiss or, Alternatively, Motion to Compel Arbitration and Stay Proceedings, and it denies all claims set forth in Plaintiffs' Complaint.

6.

Defendant strongly denies that Townsend was improperly paid under the Fluctuating Workweek Method, that it did not accurately record Plaintiffs' number of hours worked, that it did not properly calculate Plaintiffs' regular rates, and that it did not pay Plaintiffs for all hours worked, including overtime pay.

7.

The Parties stipulate that they had a bona fide dispute. The Parties are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation, and the settlement reflects a compromise of the disputed claim asserted by Plaintiffs.

8.

The Parties have been represented by counsel throughout the negotiation of the Settlement Agreement, and Plaintiffs have voluntarily released their wage-

related claims against Defendant and its related entities in exchange for sufficient consideration. Plaintiffs are satisfied that the amounts they will receive represent a compromise of their claims for unpaid wages pursuant to the FLSA.

9.

Pursuant to the settlement, Townsend is to receive a total of $17,000. The settlement payment will be made as follows:

A. Defendant will pay Townsend $8,500 for backpay (less applicable deductions and withholdings), which shall be reported via IRS Form W-9; and

B. Defendant will pay Townsend an additional $8,500 as liquidated damages paid without tax deductions and reported via IRS form in 1099.

10.

Further, pursuant to the settlement, Townsend's counsel will receive $12,500 in combined reasonable attorneys' fees and costs.

11.

Pursuant to the settlement, Johnson is to receive a total of $2,000. The settlement payment will be made as follows:

A. Defendant will pay Johnson $1,000 for backpay (less applicable deductions and withholdings), which shall be reported via IRS Form W-9; and

B. Defendant will pay Johnson an additional $1,000 as liquidated damages paid

without tax deductions and reported via IRS form in 1099.

12.

Further, pursuant to the settlement, Johnson's counsel will receive $1,500 in combined reasonable attorneys' fees and costs.

13.

In accordance with Eleventh Circuit precedent *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), the Parties request that the Court approve their settlement agreements, which are attached hereto as Exhibit A and Exhibit B. Should the Court approve the settlement agreement, the Parties also stipulate that this matter should be dismissed with prejudice.

14.

In reviewing a settlement of a FLSA private claim, this Court must "scrutinize the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, 1355. "If a settlement is an employee FLSA suit and does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute [,] . . . the district court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

15.

Here, there are bona fide disputes over FLSA provisions and the amount of overtime pay the Plaintiffs are entitled to receive. As such, the settlement agreement is a fair and reasonable resolution of the bona fide dispute(s). *See Webb v. CVS Caremark Corp.*, 2011 WL 6743284, at *3 (M.D. Ga. Dec. 23, 2011).

16.

Under these circumstances, the Parties respectfully submit that their settlement is fair and reasonable and should be approved.

WHEREFORE, Plaintiffs and Defendant respectfully move for entry of an Order, ordering the following:

A. Approving the Parties' settlement of the instant disputed claims as fair and reasonable; and

B. Dismissal of this civil action as to Plaintiffs with prejudice;

For the Court's convenience, the Parties have attached a proposed order of approval of this settlement.

[*signatures on following page*]

This __ day of May, 2021.

CONSENTED TO BY:

| | |
|---|---|
| */s/ Bradley T. Adler* | */s/ Douglas Kertscher* |
| Bradley T. Adler | Douglas R. Kertscher |
| Georgia Bar No. 005525 | Georgia Bar No. 416265 |
| Taryn C. Haumann | |
| Georgia Bar No. 957016 | |
| | |
| *Counsel for Defendant* | *Counsel for Plaintiffs* |
| | |
| **FREEMAN MATHIS & GARY** | **HILL, KERTSCHER & WHARTON** |
| 100 Galleria Parkway | One Overton Park |
| Suite 1600 | 3625 Cumberland Blvd, SE |
| Atlanta, GA  30339 | Suite 1050 |
| T: (770) 818-0000 | T:  (770) 670-6144 |

## **CERTIFICATE OF COMPLIANCE**

By his signature above, pursuant to Local Rule 7.1(D), Brad Adler certifies that the foregoing document has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHONDA TOWNSEND, individually ) <br> And behalf of other similarly situated ) <br> individuals, ) <br> ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAPSTONE RESTAURANT ) <br> GROUP, LLC, ) <br> ) <br> ) <br>       Defendant. ) <br> ) | Civil Action No. 1:21-cv-00494-JPB |

## **CERTIFICATE OF SERVICE**

I certify that I have this day filed the within and foregoing **JOINT MOTION FOR COURT REVIEW AND APPROVAL** with the Clerk of the Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to the following counsel of record who are CM/ECF participants:

Douglas Kertscher
HILL KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway SE, Suite 800
Atlanta, GA 30339

Dated this __ day of May, 2021.

                                                                                    */s/ Bradley T. Adler*
                                                                                    Bradley T. Adler
                                                                                    Georgia Bar No. 005525
                                                                                    *Counsel for Defendant*