# EXHIBIT B

DocuSign Envelope ID: CE9ED830-CF99-4223-AAEE-3306C1D8DA7D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SHONDA TOWNSEND, individually) | |
| And behalf of other similarly situated ) | |
| individuals, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-00494-JPB |
| ) | |
| CAPSTONE RESTAURANT ) | |
| GROUP, LLC, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## AGREEMENT AND GENERAL RELEASE

**1.    Parties and Released Parties:**

This document sets forth the terms and conditions of the Agreement and General Release (hereinafter "Agreement") by and between Temitayo Johnson (hereinafter "the Releasor") and Capstone Restaurant Group, LLC (hereinafter "the Defendant"). In consideration of the mutual covenants and agreements set forth below, the parties agree as follows:

**2.    Payment and Consideration**

A.    Defendant agrees that it shall pay to the Releasor a total payment of Three Thousand Five Hundred Dollars and no cents ($3,500) within 10 days days of the Court's Order approving this Agreement.

Of this amount:

1.    $1,000 will be made payable in the form of a check to the Releasor as back pay damages under the Fair Labor Standards Act ("FLSA"), less any applicable deductions and withholding.

1 of 6

DocuSign Envelope ID: CE9ED830-CF99-4223-AAEE-3306C1D8DA7D

2.   $1,000 will be made payable in the form of a check to the Releasor as liquidated damages under the FLSA. Provision of an executed W9 form from the Releasor is required to process the liquidated damages payments and no such payments for liquidated damages will be due until Defendant (through its counsel) has received such a form.

3.   Additionally, the Releasor and Defendant (collectively "the Parties") have separately negotiated and agreed that a reasonable attorney's fee in this case for the Releasor's counsel is $1,500. This amount shall be paid by Defendant in a separate check made payable to "Hill Kertscher & Wharton LLP." Provision of a W9 from Releasor's counsel is required to process the attorney fee payment.

B.     The Parties recognize that the Releasor has filed a Complaint in the above-referenced action and that the Parties intend to promptly file a Joint Motion for Court Review and Approval of Settlement Agreement. The Releasor and her counsel acknowledge and agree that, in the event that the Court denies the parties' Joint Motion and the parties cannot, thereafter, secure Court approval of a mutually acceptable settlement agreement within 90 days of the Court's Order denying the Joint Motion, the Releasor and their counsel agree that this Agreement is null and void.

## 3.     <u>Release of Claims for Unpaid Wages</u>:

A.     For and in consideration of the total payment specified above and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Releasor does knowingly and voluntarily release and forever discharge the Releasees from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims, and demands whatsoever in law or in equity, whether known or unknown, that the Releasor ever had, now have, or may or might in the future have against the Releasees based on, arising out of or related to claims for unpaid compensation of any type by the Releasor, including those claims related to the claims asserted in Civil Action File No. 1:21-cv-00494. Nothing in this Agreement shall be interpreted as a release of any claims by Releasor against Releasees except for those claims asserting or alleging unpaid compensation.

B.     It is further understood and agreed that this Agreement and the payment(s) made hereunder constitute full and final satisfaction of all claims of arising out of or relating to the FLSA or any state claims related to unpaid compensation, direct or indirect, against all persons or entities, including those who are or might be held to be joint and/or successor employers with any of the parties released hereby, as well as those to whom any

DocuSign Envelope ID: CE9ED830-CF99-4223-AAEE-3306C1D8DA7D

of the parties released are, or may be held to be, liable by way of contribution or indemnity for the payment of all or any part of any claim arising out of, or directly or indirectly related to, the claims set forth in this Agreement.

C.      The term "Releasees" as used herein shall be defined as the Defendant, and all of its corporate parents, subsidiaries, divisions, affiliates (including Atlantic Star Foods, LLC; Summit Restaurant Holdings, LLC; Empire Restaurants, LLC; Heartland Restaurants, LLC; Bighorn Restaurants, LLC; Summit Restaurant Development, LLC; LBE Holdings, LLC; North Star Foods, LLC; TriStar Ventures, LLC; River Valley Restaurants, LLC; LBE Restaurant Development, LLC; and Pioneer Restaurants, LLC) and their current and former officers, directors, employees, shareholders, servants, agents, officials, insurers, and attorneys, in their official and individual capacities, together with their predecessors, successors, and assigns, both jointly and severally.

## 4.      **Knowing and Voluntary Waiver and Release:**

A.      It is understood and agreed that this Agreement is executed by the Releasor knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities, or value of the Releasor's claims.

B.      The Releasor also acknowledges that no promise or inducement has been offered or made except as set forth in this Agreement. The Releasor further acknowledges that consideration for this Agreement consists of financial payments and benefits to which the Releasor otherwise has no legal entitlement.

C.      The Releasor attests, certifies, represents, and warrants to Defendant that the Releasor is legally competent to execute this Agreement and that the Releasor has not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any claim, cause of action, or other legal right of whatever kind and nature, that the Releasor has or may have by reason of the claims released herein.

## 5.      **Right to Retain Advisor or Counsel:**

A.      It is understood that the Releasor has the right and opportunity to consult fully with legal counsel or other advisor prior to signing this Agreement and are advised to consult with legal counsel prior to signing this Agreement.

B.      Any notice required to the Releasor pursuant to this Agreement shall be satisfied by written or electronic notice to the Releasor through her counsel, Douglas Kertscher.

DocuSign Envelope ID: CE9ED830-CF99-4223-AAEE-3306C1D8DA7D

C.     Any notice required to Defendant pursuant to this Agreement shall be provided to the following representative of Defendant by certified mail, return receipt requested: Bradley T. Adler, Freeman Mathis & Gary, Suite 1600, Atlanta, GA 30339.

## 6.     **Entire Agreement:**

A.     This Agreement constitutes the entire agreement between the Releasor and Defendant pertaining to those specific subjects contained in it and supersedes all prior and contemporaneous agreements, representations, and understandings. It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by the Releasor and an authorized representative of Defendant.

B.     In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

## 7.     **Effective Date:**

The Releasor acknowledges that, upon execution of this Agreement, the Agreement will be binding upon the Releasor and the Defendant and is irrevocable, except the parties recognize that, if the Court denies the parties' Joint Motion for Court Review and Approval and the parties cannot, thereafter, secure Court approval of a mutually acceptable settlement agreement within 90 days of the Court's Order denying the Joint Motion, the Releasor and Defendant agree that this Agreement is null and void.

## 8.     **Successors and Assigns:**

This Agreement shall be binding upon the Releasor and the Releasor's heirs, executors, administrators, assigns, successors and beneficiaries and shall inure to the benefit of the Releasees and their predecessors, successors, and assigns.

## 9.     **Non-Admission:**

The Releasor acknowledges that the payment set forth herein does not constitute any admission of liability on the part of the Releasees, by whom liability is expressly denied. This Agreement shall not be deemed an admission of liability or a violation of any law, rule, regulation, or order of any kind.

DocuSign Envelope ID: CE9ED830-CF99-4223-AAEE-3306C1D8DA7D

## 10.    Miscellaneous:

A.    The Releasor acknowledges that the Releasor had reasonable and sufficient time to consider whether or not the Releasor desires to enter into this Agreement and that any decision by the Releasor to execute this Agreement prior to that time is a knowing and voluntary decision.

B.    The Releasor acknowledges that, by signing this Agreement, the Releasor is giving up rights the Releasor has. The Releasor acknowledges that the Releasor does not have to sign this Agreement.

C.    It is further agreed and understood that the Releasor will indemnify, defend, and hold harmless the Releasees for all claims and damages, including attorneys' fees and costs, resulting from the Releasor's material breach of this Agreement.

D.    The Releasor agrees to pay federal or state taxes, if any, that are required by law to be paid with respect to this settlement. The Releasor further agrees to indemnify and hold harmless the Releasees from any claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries by any government entity against Defendant or any of the Releasees for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal or state tax laws and from any costs, expenses, or damages sustained Defendant or any of the Releasees by reason of any such claims, including any amounts paid as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest, or otherwise.

E.    The Releasor acknowledges that neither Defendant nor their attorneys make any representation as to the tax consequences, if any, of the provisions of this Agreement.

F.    This Agreement may be executed in multiple counterparts, and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Fax or electronic signatures in lieu of original signatures are acceptable.

DocuSign Envelope ID: CE9ED830-CF99-4223-AAEE-3306C1D8DA7D

IN AGREEMENT HERETO, the Releasor and the below representative of Defendant set their hand and seal.

**TEMITAYO JOHNSON**                          **CAPSTONE RESTAURANT GROUP**

By: _____                  By: _____
Signature                                          Print Name

5/24/2021                                          _____
_____                          Signature
Date
                                                   _____
                                                   Date

6 of 6